# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DAVID MUNGAI NJENGA,

    Petitioner,

v.

NATHALIE ASHER, Seattle Field Office Director, United States Immigration and Customs Enforcement,

    Respondent.

Case No. C11-847-JLR-BAT

**REPORT AND RECOMMENDATION**

On February 15, 2011, petitioner, proceeding *pro se* and *in forma pauperis*, filed his sixth Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenged the lawfulness of his continued detention under 8 U.S.C. § 1231(a)(6) pending a stay while the United States Court of Appeals for the Ninth Circuit decides his appeal of the denial of his motion to reopen. *Njenga v. Asher*, No. C11-265-JLR-BAT (Dkt. No. 6). On April 22, 2011, the Court granted the government's motion to stay briefing case until 45 days after the issuance of the mandate in *Diouf v. Napolitano*, __ F.3d __, 2011 WL 768077 (9th Cir. March 7, 2011), finding the case potentially dispositive of the habeas corpus action. *Id*. at Dkt. No. 18. On May 3, 2011, petitioner filed a motion for voluntary dismissal of his habeas petition, which the Court subsequently granted. Dkt. Nos. 22 and 25.

REPORT AND RECOMMENDATION - 1

On May 19, 2011, petitioner filed his seventh and instant Petition for Writ of Habeas Corpus, challenging the lawfulness of his continued detention pending a stay while the Ninth Circuit decides his appeal of the denial of his motion to reopen. Dkt. No. 6. The Court subsequently directed respondent to file a return and status report ("RSR") to the habeas petition. Dkt. No. 7.

On June 23, 2011, respondent filed a motion for stay of briefing pending issuance of the mandate in *Diouf*. Dkt. No. 12. In *Diouf*, the Ninth Circuit recently held that aliens who are detained beyond six months under 8 U.S.C. § 1231(a)(6) and who received a stay while pursuing a petition for review of the denial of a motion to reopen by the Board of Immigration Appeals ("BIA"), are entitled to a bond hearing before an immigration judge at which the government bears the burden of showing that the alien poses a flight risk or a danger to the community. *Diouf*, __ F.3d __, 2011 WL 768077. In reaching this conclusion, the Ninth Circuit held that the 180 day post-order custody review process afforded by the immigration regulations was insufficient to "address the serious constitutional concerns raised by continued detention." *Id.* at 9. The government has filed a petition for rehearing en banc of that decision with the Ninth Circuit Court of Appeals, which remains pending.

Respondent asserts that *Diouf* directly affects the outcome of petitioner's current habeas petition, and requests that the Court grant a stay of the briefing schedule and continue the filing date of the RSR until 45 days after issuance of the mandate. Dkt. 12 at 2. She contends that "[i]f the parties are required to proceed with briefing at this time, there is a strong likelihood that further briefing will be sought once the mandate in *Diouf* is issued." *Id.* at 3.

Because *Diouf* is potentially dispositive of this case and because any delay will be limited, the Court recommends that respondent's motion for stay of briefing pending issuance of

REPORT AND RECOMMENDATION - 2

the mandate in *Diouf* be granted.  A proposed order accompanies this Report and Recommendation.

DATED this 28th day of June, 2011.

/s/ Brian A. Tsuchida
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3